UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELFORD E. BETSEY,

       Plaintiff,

v.                               CASE No. 8:07-CV-1923-T-TGW

MICHAEL J. ASTRUE
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

       The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails adequately to evaluate the plaintiff's impairments, the decision will be reversed and the matter remanded for further consideration.

I.

       The plaintiff, who was fifty-eight years old at the time of the administrative hearing and who has an eleventh grade education but with a community college associates degree, has worked primarily as an electronics

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

assembler (Tr. 70, 224, 225). He filed claims for Social Security disability

benefits and supplemental security income payments, alleging that he became

disabled due to back pain, and leg and hip pain (Tr. 58). The claims were

denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing

before an administrative law judge. The law judge found that the plaintiff has

severe impairments of coronary artery disease and asthma (Tr. 13). He

concluded that these impairments restricted the plaintiff to light work that did

not involve concentrated exposure to hazardous machinery and heights (Tr.

14). The law judge determined that these limitations did not prevent the

plaintiff from returning to past work as an electronics assembler (Tr. 17).

Accordingly, the law judge decided that the plaintiff was not disabled. The

Appeals Council let the decision of the law judge stand as the final decision

of the defendant.

II.

A. In order to be entitled to Social Security disability benefits

and supplemental security income, a claimant must be unable "to engage in

any substantial gainful activity by reason of any medically determinable

physical or mental impairment which ... has lasted or can be expected to last

for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental

abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1, 20 C.F.R. Part 404, Subpart P, App. 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e), 416.920(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The law judge found that the plaintiff's only severe impairments were coronary artery disease and asthma (Tr. 13). The plaintiff contends, among other things, that, in reaching that conclusion, the law judge failed to

consider all of his impairments (Doc. 22, pp. 8-11). That contention has merit and warrants reversal.

Included in the plaintiff's argument that the law judge did not evaluate all of his impairments is the contention that the law judge failed to consider the severity of all impairments at the second step of the sequential analysis (id., p. 8). As the Commissioner correctly responds, that failure does not constitute reversible error since the law judge proceeded past the second step of the sequential analysis. See Perry v. Astrue, 2008 WL 2266315 *6-*7 (11th Cir. 2008).

However, the plaintiff contends further that the law judge erred in not evaluating such impairments as musculoskeletal problems, carpal tunnel syndrome, and gout (Doc. 22, p. 11). That failure does constitute reversible error. It is well established that the law judge must specifically "state the weight accorded to each item of impairment evidence and the reasons for his decision on such evidence." Gibson v. Heckler, 779 F.2d 619, 628 (11th Cir. 1986).

The plaintiff complains of back and leg pain. A report of an MRI on the lumbar spine stated the impression of "MODERATE TO SEVERE OSTEOARTHRITIC AND DEGENERATIVE DISC CHANGES

-6-

AS NOTED MOSTLY IN THE LOWER THREE SPACES" (Tr. 155). Other

abnormalities were noted as well. Dr. Erick A. Grana, a pain management

specialist who had ordered the MRI, gave an assessment of "Chronic

Intractable Pain-Poorly Controlled" (Tr. 160). He also gave a diagnostic

impression of chronic low back pain and lumbar radiculopathy (Tr. 159). Dr.

Grana reported atrophy in the right calf and opined that the condition was

likely due to "the chronic S1 radiculopathy" (id.). Further, he noted

decreased range of motion of the lumbar spine with pain upon flexion, as well

as tenderness to palpation over the right lumbar paraspinal muscles with

muscle spasms (Tr. 158).

There is no mention in the law judge's decision of the MRI

results or of Dr. Grana's reports. Correspondingly, there was no evaluation

of the plaintiff's back condition. The failure to evaluate that problem

constitutes reversible error. Gibson v. Heckler, supra.

The error is not rendered harmless because the law judge

restricted the plaintiff to light work (Tr. 14). Whether, upon proper

evaluation of the plaintiff's back condition, the Commissioner would find no

greater functional limitation requires speculation. Since it cannot be

concluded that the plaintiff's back problem would not result in a finding of

greater functional limitations than those found by the law judge, the matter needs to be remanded to the Commissioner for such an assessment in the first instance.  See McDaniel v. Bowen, 800 F.2d 1026, 1032 (11th Cir. 1986).

The plaintiff also contends that the law judge erred by failing to evaluate the plaintiff's problem with his hand (Doc. 22, p. 12).  The plaintiff testified that his right-sided weakness causes him to drop things (Tr. 238). He added with respect to fingering and feeling and manipulating that "I can't feel stuff.  If I've got something in my hand, I don't know what it is" (id.).

This testimony was supported by a report of a consultative examination by Dr. Alexis Henderson (Tr. 99-102).  Dr. Henderson reported that the plaintiff "had some difficulty with tasks of fine manipulation when using the right hand" (Tr. 100), which is his dominant hand (Tr. 243-44).  She stated further that "[h]e had difficulty picking up small objects from the counter" and "[h]e had difficulty opening a jar" (Tr. 100).  Dr. Henderson diagnosed the plaintiff with early bilateral carpal tunnel syndrome (Tr. 101).

The law judge's decision failed to evaluate the plaintiff's hand condition. Notably, two nonexamining reviewing physicians opined that the plaintiff had limitations regarding handling and fingering (Tr. 106, 142). The law judge did not accept those functional limitations and failed to say why.

The law judge's failure to evaluate the plaintiff's hand condition is significant in light of the finding that the plaintiff could return to work as an electronics assembler. The plaintiff's description of his past work indicates that, in a workday, he spent four hours handling, grabbing or grasping big objects, and four hours writing, typing or handling small objects (Tr. 72, 74). Further, the plaintiff has submitted the Dictionary of Occupational Titles description of electronics assembler and that indicates the job requires a high level of finger dexterity and frequent handling and fingering (Doc. 22-2).

Under these circumstances, an evaluation of the plaintiff's hand condition needed to be made. Moreover, a reasonable and specific finding concerning the functional limitations arising from the hand condition, if any, was required. Absent such a finding, it cannot be determined whether the plaintiff can return to work as an electronics assembler. See Newton v. Astrue, 2008 WL 4672327 (11th Cir. 2008).

The plaintiff also complains that the law judge erred in failing to evaluate the testimony of Essie Seay, the plaintiff's live-in companion. Seay stated that she agreed with the plaintiff's testimony (Tr. 246). She was then asked if there was anything the plaintiff left out (id.). She testified that

he experienced "excruciating pain from the gout crystals, the swollen feet" (Tr. 247).

The law judge did not even mention Seay's testimony, much less evaluate it. The Commissioner is correct that, to the extent that Seay simply agreed with the plaintiff's testimony, the law judge's explanation for discounting the plaintiff's testimony would suffice. However, Seay did not merely agree with the plaintiff, but rather she testified to additional problems, as well. To that extent, the law judge was required to evaluate Seay's testimony. See Tieniber v. Heckler, 720 F.2d 1251 (11th Cir. 1983). Because he did not do so, her testimony regarding swollen and painful feet due to gout was not discounted. Notably, there is a doctor's note that corroborates a problem with swollen feet (Tr. 161).

The law judge therefore should have evaluated the plaintiff's foot problem and determined what, if any, functional limitations resulted from that condition. Such a determination could result in the conclusion that the plaintiff did not have the ability to stand and walk for six hours of an eight-hour workday. And that circumstance may, or may not, preclude the plaintiff from returning to past work.

For these reasons, there are at least three impairments that the law judge did not properly evaluate.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this _13th_ day of December, 2008.

Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE